PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTINA MCCLURE, *estate administrator for* COLTON M. MCCLURE | ) ) ) ) |
| Plaintiff, | ) CASE NO. 4:24–CV–00116 ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) |
| TRUMBULL COUNTY *et al.*, | ) **MEMORANDUM OF OPINION AND** ) **ORDER** |
| Defendants. | ) [Resolving ECF No. 133 and ECF No. 136] ) |

The Court addresses two pending motions. First, Plaintiff's Motion for Leave of Court to File Supplemental Brief in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment. ECF No. 133. Second, Plaintiff's Motion to Continue Final Pretrial Conference. ECF No. 136. For the following reasons, the first Motion is granted in part and the second Motion is denied.

## I. Background

Plaintiff Kristina McClure administers the estate of Decedent Colton McClure, who died shortly after leaving pretrial detention at the Trumbull County Jail on August 9, 2022. ECF No. 1 at PageID #: 37. Plaintiff filed suit on January 19, 2024 asserting constitutional and state-law violations. ECF No. 1. Defendants are myriad, and therefore categorized in two groups: the first group ("Custodial Defendants") consists of state officials and jail staff, including: (1) Trumbull County; (2) Sheriff Paul Monroe; (3) Major Daniel Mason; (4) Officer Gary Musolino; (5) Officer Ryan Fife; (6) Officer Jose McCord; (7) Officer Dan Zakrajsek; (8) Officer William

(4:24–CV–00116)

Dreier; (9) Officer Kenney; (10) Officer Robert Dillon; (11) Sergeant Barbara Carducci; (12) Officer Zachary Ferguson; (13) Officer Megan Frame; (14) Officer Sean Maskaluk; (15) Officer Elijah Bricker; and (16) Officer Randi McElhinny.[1]  ECF No. 1 at PageID #: 1–4.  The second group ("Medical Defendants") consists of medical staff responsible for healthcare at the Trumbull County Jail, including: (1) Malvasi, LLC; (2) Dr. Phillip Malvasi; (3) Jennifer Bach; (4) Medical Assistant Thomas; (5) Tayler Simmons; and (6) Carla Ahart.[2]

Custodial and Medical Defendants moved separately for summary judgment.  ECF No. 83; ECF No. 106; see Fed. R. Civ. P. 56.  Plaintiff responded in opposition to both motions.  ECF No. 125; ECF No. 126.  Custodial and Medical Defendants replied in turn.  ECF No. 131; ECF No. 132.  Three days later, Plaintiff moved to supplement her response to both motions.  ECF No. 133.  Medical Defendants responded in opposition, and Plaintiff replied.  ECF No. 134; ECF No. 135.  The motion for continuance of the final pretrial conference is unopposed.  ECF No. 136.

---

[1] (1) Trumbull County is an Ohio political subdivision; (2) Paul Monroe was the elected sheriff of Trumbull County, which operates the Trumbull County Jail; (3) Daniel Mason was the administrator of the Trumbull County Jail; (4–16) Officers Gary Musolino, Ryan Fife, Jose McCord, Dan Zakreajsek, William Dreier, Kenney, Robert Dillon, Zackary Ferguson, Megan Frame, Sean Maskaluk, Elijah Bricker, Randi McElhinny, and Sergeant Barbara Carducci were Trumbull County Sheriff's Office employees working at the Trumbull County Jail.  ECF No. 31 at PageID #: 251.

[2] (1) Malvasi, LLC is an Ohio corporation contracted by Trumbull County to provide medical care to detainees at the Trumbull County Jail; (2) Dr. Malvasi is principal of Malvasi, LLC; (3–5) Jennifer Bach, Medical Assistant Thomas, and Tayler Simmons are employees of Malvasi, LLC; (6) Carla Ahart is a former employee of Malvasi, LLC.  ECF No. 24 at PageID #: 292.

(4:24–CV–00116)

## II. Discussion[3]

### A. Because federal courts retain broad docket-control authority, the Court grants Plaintiff leave to file a supplemental brief and finds Medical Defendants' Monell argument, raised for the first time in reply, likely waived.

Federal Rule of Civil Procedure 15 controls amended and supplemental pleadings. *See* Fed. R. Civ. P. 15. Motions, alongside their attendant responses and replies, are not pleadings. *See* Fed R. Civ. P. 7; *Clark v. Fountain,* No. 08–11255, 2009 WL 3199060, at *6 (E.D. Mich. Sept.29, 2009) (finding Rule 15 inapplicable to a motion to supplement a motion for summary judgment because a motion is not a pleading). Although neither the federal nor local rules provide a standardized assessment for the substance and procedure governing motions to file supplemental briefings, docket control, including whether to allow supplementation, rests within "the sound discretion of the district court." *AES-Apex Emp. Services, Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)).

Litigants must seek and receive leave of court before filing supplemental briefings. *See Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, a Div. of Reed Elsevier Group, PLC*, 463 F.3d 478 (6th Cir. 2006). A court need not accept every filing. *See Jones v. Northcoast Behav. Healthcare Sys.,* 84 Fed.Appx. 597, 599 (6th Cir. 2003). Courts throughout the Sixth Circuit require litigants to show "good cause" before granting leave to supplement. *See, e.g.*, *Harshaw v. Bethany Christian Servs.,* No. 1:08–CV–104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010) (requiring that good cause be shown in a motion for leave before filing a supplemental brief); *AMCTEC, Inc. v. Bechtel Jacobs Co.*, No. 3:05–CV–255, 2007 WL 2385953, at *1 (E.D.

---

[3] Unless otherwise indicated, case quotations herein omit internal citations, quotations, footnotes, and alterations to enhance readability. *See, e.g.*, *United States v. Reese*, 2024 WL 3913152 (S.D.N.Y. Aug. 23, 2024).

3

(4:24–CV–00116)

Tenn. Aug. 16, 2007) (granting a motion for leave to file a supplemental brief "for good cause shown"). A court may permit supplemental briefing if it believes it will help resolve pertinent and disputed issues. See Jomaa v. United States, 940 F.3d 291, 299 (6th Cir. 2019).

Plaintiff now moves for leave to file a supplemental brief in support of her response to Medical Defendants' motion for summary judgment. ECF No. 133. She argues that Medical Defendants improperly raised, for the first time *via* reply, that Plaintiff has not sufficiently pled a *Monell* cause of action against them.[4] ECF No. 133 at PageID #: 3604; *see* Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). More specifically, Medical Defendants argue that Plaintiff did not plead a *Monell* claim against *them*, but rather against Custodial Defendants alone. ECF No. 134 at PageID #: 3613. Yet Plaintiff argues that her complaint is "replete" with *Monell* allegations squarely sighted at Medical Defendants. ECF No. 133 at PageID #: 3604. Medical Defendants also argue that, even if Plaintiff sufficiently stated a *Monell* claim, it fails as a matter of law. ECF No. 134 at PageID ##: 3614–19. Plaintiff replies that her pleadings contain ample evidence and authority to constitute a well-pled *Monell* claim. ECF No. 135 at PageID ##: 3621–22.

Medical Defendants' reply argument (asserting that "Plaintiff did not plead a *Monell* claim against Defendants Malvasi, LLC or Dr. Malvasi") is absent from both their answer and motion for summary judgment. ECF No. 132 at PageID #: 3600; ECF No. 34; ECF No. 106. In the Sixth Circuit, an argument raised for the first time in a reply or response is deemed waived.

---

[4] Under *Monell,* a state entity is not liable under 42 U.S.C. § 1983 unless a governmental policy or custom is the driving force behind a constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 379 (1989).

4

(4:24–CV–00116)

See *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Am. Fam. Prepaid Legal Corp. v. Columbus Bar Assoc.,* 498 F.3d 328, 335 (6th Cir. 2007).  Rather than sitting idly by while the Parties attempt to stage a skirmish of claims and defenses upon the unsuitable terrain of response and replies, the Court finds Medical Defendants' argument (that Plaintiff did not plead a *Monell* claim) waived for procedural impropriety because it was first raised in their reply.  The Court reserves ruling, however, on whether that claim falls under the ambit of Medical Defendants' rote recitation (*via* answer) that "Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted."  ECF No. 31 at PageID #: 263.  The Court advises Medical Defendants' counsel to apply increased diligence to the substance and setting of their submissions in federal court.  Responses and replies are intended to facilitate discursive precision, not to give litigants a second bite at the argument-apple.

   As the Court construes the complaint in a light most favorable to Plaintiff, leave to file supplemental briefing is granted.  See *Perry v. Am. Tobacco Co.,* 324 F.3d 845, 848 (6th Cir.2003) (citing *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998)).  Without accepting the veracity of Plaintiff's legal conclusions or factual inferences, the Court finds she has shown good cause to permit supplementation to clarify her *Monell* claim.  This decision comports with the sweeping principle that civil procedure in federal courts ought be administered "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1; *see* 28 A.L.R. Fed. 129 (1976).  Even so, Plaintiff need not provide a supplemental briefing to address Medical Defendant's hybrid *Monell* reply-defense, as that defense is waived for purposes of this resolution.  Accordingly, Plaintiff is granted leave to file a supplemental briefing only to the extent—if any—that she must clarify her complaint's

(4:24–CV–00116)

purported *Monell* claim in her response in opposition to Medical Defendants' motion for summary judgment. ECF No. 125.

### B. *Plaintiff's motion to continue the final pretrial conference is denied for lack of good cause under Rule 16(b).*

District courts have inherent power to manage their civil dockets to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Under the federal rules, a pretrial conference may be rescheduled only for "good cause shown" and with a court's consent. *See* Fed. R. Civ. P. 16(b)(4). The good cause requirement primarily considers whether: (a) the movant has exercised "diligence in attempting to meet the case management order's requirements"; and (b) whether "the opposing party [would] suffer prejudice" from the rescheduling. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002). A court will modify a pretrial schedule only if "it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Committee's Notes (1983).

Plaintiff now moves, unopposed, to continue the final pretrial conference to accommodate a conflict affecting her counsel. ECF No. 136 at PageID #: 3627. The Court finds that Plaintiff has not shown the requisite good cause under Rule 16. *See* Fed. R. Civ. P. 16(b)(4). The trial order, issued on July 11, 2025, set the final pretrial conference for October 22, 2025 at 10:00 a.m. ECF No. 110. Plaintiff offers, as evidence of supposed good cause, a notice to appear from Michigan's Seventh Judicial Circuit Court (dated July 15, 2025) scheduling an evidentiary hearing for October 21, 2025 at 9:30 a.m. ECF No. 136–2 at PageID #: 3650. The Court's trial order commands that "a motion [for continuance] shall be filed and served *not less than fifteen days after counsel becomes aware of the conflict*." ECF No. 110 at PageID ##: 2713–14 (emphasis added). The state evidentiary hearing was scheduled four days after the Court's order setting the final pretrial conference, meaning Plaintiff's counsel was on notice of

6

(4:24–CV–00116)

the conflict and his obligations under the federal and local rules at that time. The motion is, therefore, untimely. Plaintiff's counsel should have coordinated with the state court to reschedule the later-set hearing. *See* Fed. R. Civ. P. 16(c); LR 16.3(e). Plaintiff's counsel was aware of the conflict for 76 dilatory days before bringing it to the Court's attention, and did not notify opposing counsel of the conflict until September 24, 2025 (73 days later). ECF No. 136–3 at PageID ##: 3651–54. Finally, Plaintiff fails to explain why a state evidentiary hearing on the morning of October 21, 2025 prevents her counsel from attending the final pretrial conference in federal court on October 22, 2025. Considering these deficiencies, there is no good cause and thus no justifiable reason to grant a continuance.

### III. Conclusion

For the foregoing reasons: (1) Plaintiff's Motion for Leave of Court to File Supplemental Brief in Support of Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 133) is granted in part; and (2) Plaintiff's Motion to Continue Final Pretrial Conference (ECF No. 136) is denied. Plaintiff shall file any supplemental briefing no later than October 10, 2025. That supplementation shall comply with the substantive guidance in Part II–A of this order. The final pretrial conference shall commence, as agreed, on October 22, 2025 at 10:00 a.m. All other provisions in the civil trial order remain in effect. ECF No. 110.

IT IS SO ORDERED.

| October 8, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

7