PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTINA MCCLURE, *administrator for the estate of decedent* COLTON MCCLURE,<br><br>    Plaintiff,<br><br>  v.<br><br>TRUMBULL COUNTY, *et al.*<br><br>    Defendants. | CASE NO. 4:24-CV-00116<br><br>JUDGE BENITA Y. PEARSON<br><br>**MEMORANDUM OF OPINION AND ORDER**<br><br>[Resolving ECF No. 140 and ECF No. 141] |

The Court considers two motions, both entered by Custodial Defendants. First, their Motion to Substitute a Party. ECF No. 140. Second, their Motion for Leave of Court to File a Notice of Supplemental Authority in Support of Motion for Summary Judgment. ECF No. 141. Those Motions are granted for the reasons herein.

### (I) D<small>ISCUSSION</small>

#### *A. Custodial Defendants' motion to substitute Sheriff Wilson is granted under Rule 25(d).*

In their first motion, Custodial Defendants seek leave to add the current Trumbull County Sheriff, Michael Wilson, to this matter in his official capacity as administrator of Trumbull County Jail. ECF No. 140; *see* Fed. R. Civ. P. 25(d). They do not seek to substitute Mr. Wilson for Paul Monroe, who served as Trumbull County Sheriff during Plaintiff's allegations and is already a named defendant. ECF No. 140.

(4:24-CV-00116)

When a public officer who is party to a lawsuit in their official capacity ceases to hold office, that officer's successor shall be automatically substituted. See Fed. R. Civ. P. 25(d). Accordingly, Custodial Defendants are granted leave to add Sheriff Michael Wilson as Defendant in his official capacity. This substitution does not alter any claims or defenses in the underlying motions and pleadings, and Paul Monroe shall remain as a named defendant in his individual capacity.

### B. Custodial Defendants' motion to supplement is granted.

In their second Motion, Custodial Defendants seek leave to submit supplemental authority in support of their motion for summary judgment. ECF Nos. 83 and 141. As ordered, the Court permits filings of only: (1) motions with supporting memoranda; (2) memoranda in opposition; and (3) replies. ECF No. 42 at PageID #: 322. Litigants are generally granted leave to file supplemental authority only "if pertinent and significant authorities come to a party's attention after the party's brief has been filed." *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 762 (N.D. Ohio 2024). Still, neither the federal nor local rules permit surreplies as a matter of course. See *In re Steinle*, 835 F. Supp. 2d 437, 443 (N.D. Ohio 2011). Accordingly, sur-replies are generally not permitted without leave of Court. ECF No. 42 at PageID #: 322. A notice of supplemental authority, therefore, "should be used sparingly and for new, controlling case law—not for recently discovered case law, nor for arguments which the parties did not think to make [earlier]." *Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752 (W.D. Ky. 2001).

Plaintiff's Motion proposes a single supplemental authority: an order granting partial summary judgment in *Est. of Alfonso Askew v. Trumbull County, et al.*, No. 4:21-CV-02133 (N.D. Ohio Oct. 10, 2025). Because that order: (1) implicates, in part, identical defendants; (2)

2

(4:24-CV-00116)

implicates similar procedural posture and facts; (3) was issued from the Northern District of Ohio; and (4) was issued between the completion of briefing and the instant Motion, leave to supplement is appropriate herein. *See id.* Custodial Defendants have shown good cause for consideration of their supplemental argument. The Court takes notice and shall consider it in resolving the pending motions for summary judgment.[1]

### III. Conclusion

Custodial Defendants' Motion to Substitute Party (ECF No. 140) and Motion for Leave of Court to File Notice of Supplemental Authority in Support of Defendant's Motion for Summary Judgment (ECF No. 141) are granted.

IT IS SO ORDERED.

| | |
|---|---|
| October 15, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] Under the local rules, litigants opposing a non-dispositive motion must serve and file a memorandum in opposition within fourteen days after service "unless otherwise ordered by the Judicial Officer." N.D. Ohio Civ. R. 7.1(d) (2025). By that rule, Plaintiff would normally be given until October 28, 2025 to serve their response. Nevertheless, given the limited time before the final pretrial conference (October 22, 2025) and the straightforward jurisdictional nexus of the supplemental authority, Plaintiff shall not respond—either in opposition or support—to Custodial Defendants' second Motion. ECF No. 110.